Wilde, J.
There seems to be no doubt that Samuel Edmunds, *117 the pauper’s father, had his last legal settlement in Natick. When that place was incorporated into a parish or precinct, it was competent for the legislature to impose conditions; and it was a reasonable condition to require the parish to support their own poor. They doubtless so considered it; for they accepted the act of incorporation, and probably, as is usual in such cases, it was granted at their request. That they considered themselves liable for the support of their poor, appears from the precautions they took to prevent strangers from gaining settlements by residence ; and the act of incorporation certainly subjected them to this liability, by an express provision.
The pauper, therefore, had a derivative settlement from her other in Natick; and the principal question is, whether, * after the death of her father, she gained a new one in [ * 139 ] some other town, derived from her mother.
It is well known that the colonial and provincial laws, relating to the poor, did not extend to the regulation of derivative settlements. Yet no one ever doubted that derivative settlements might be gained m those days; and many cases, decided in this Court, have turned on settlements thus gained.
The general principle is, that every person, who is by law in capable of gaining a settlement in his own right, shall have the settlement of that person, on whom he depends for support; who at the same time has the control of his person, and the right to his services. On this ground it is, that minor children have the settlement of their fathers, and femes covert, that of their husbands. Upon a similar principle, slaves, when slavery was tolerated, had the settlement of their masters ; and by the same principle we must determine the question, whether minors, after the death of their father, shall follow the settlement of their mother, or retain that de rived from their father.
Whether this question has ever been decided in this state, we have not the means of knowing. But it was settled in England, more than a century since, in the case of The Parish of St. George vs. The Parish of St. Catharine [1 Sess. cases 72, c. 69.]; in which case it was ruled, that the child should follow the settlement of the mother ; and the same principle was afterwards affirmed in the case of The Parish of Paulsbury vs. The Parish of Wooden [2 Strange, 746], It is true the Courts say, in the latter case, that, if the question had been res integra, they should have doubted whether a settlement acquired under the head of the family could be divested by a derivative one from the inferior. They, however, yielded to the authority of former decisions, and the law has ever since been considered well settled in England.
*118 Notwithstanding the doubt expressed by the Court, in the case last referred to, 1 think the English decisions are [ * 140 ] * conformable to the general principle, in respect to derivative settlements. The mother, after the death of the father, remains the head of the family. She has the like control over the minor children, as he had when living. She is bound to support them, if of sufficient ability; and they cannot, by law, be separated from her.
These considerations appear to me sufficient to relieve the English decisions from all doubt, and to show that the law here was the same as it was in England. It did not there depend on the provisions of any act of parliament, but on the principles of the common law, regulating the duties and rights, liabilities and disabilities, of parent and child; which are the same in both countries.
The Court, therefore, are of opinion that the pauper, in the case at bar, gained a derivative settlement from her mother, in the town of Dedham; and as it is agreed that neither of them afterwards gained a settlement in Natick, it will not be necessary to consider the other question which has been argued, whether the pauper followed the settlement of her mother after her second marriage. According to the English authorities she could not; because the wife had only a derivative settlement from her husband, and in law they are considered but as one person ; and as he had no control over the children of his wife, by a former husband, was neither bound to support them, nor entitled to their services, a settlement derived from him cannot, say the English books, be communicated to them. But as to this point, the Court give no opinion (5).

Plaintiffs nonsuit.

 [See the cases collected —2 Pratt, P. L. 20—26. —Wilson, P. L. 359, 360. —Freetown vs. Taunton, ante, 52. —Plymouth vs. Freetown, 1 Pick. 197. —Scituate vs. Hanover, 7 Pick. 140. —Parsonsfield vs. Kennebunk-port, 4 Greenl. 51. —Ed.]