# CASES

# SUPREME JUDICIAL COURT,

---

## INHABITANTS OF FARMINGTON *vs.* INHABITANTS OF JAY.

Posthumous children have a derivative settlement from their father, if he had any ; and in this respect are in the same condition, with such as are born in his lifetime.

By the *Massachusetts statute* of 1793, c. 59, and also by the *statute* of this State of 1821, c. 122, legitimate children are to follow and have the settlement of their father, if he had any within the State, *until they gain a settlement of their own;* but if he shall have none, they shall follow and have the settlement of their mother, if she shall have any.

A legitimate child, therefore, whose father had a settlement within the State, and died subsequent to the *statute* of 1793 and prior to that of 1821, does not follow a new settlement, acquired by his mother under the latter statute, but retains the settlement of his father, until he acquires one in his own right.

It has become a principle of law in the construction of statutes for the relief of the poor, that minor children, until emancipated, are incapable of gaining a settlement in their own right.

THIS was an action for supplies furnished to *Mary D. West,* a pauper under the age of twenty-one, whose settlement was alleged to be in the town of *Jay.* From the statement of facts agreed by the parties, it appeared that the pauper is the legitimate child of *Sydney West,* who died on the 19th of *August, 1819,* within the limits of the town of *Jay,* in which town he then had his legal settlement. The wife of *West,* at the time of his death, was preg-

nant with the pauper.  *West* and his family were supported as paupers by *Jay,* and immediately after his death, the selectmen of that town provided places for his children, and agreed with one *Hatch,* the father of *Mrs. West,* that he should have the property left by *West,* in value about seventy dollars, if he would take *Mrs. West,* and take care of her and of the child with which she was then pregnant, without any trouble and expense to said town of *Jay.* *Hatch* gave an obligation to the town of *Jay* to that effect.  In pursuance of this agreement, on the day after the funeral of her late husband, she went with her father to the town of *Wilton,* where the pauper was born *Nov.* 12, 1819.  The pauper and her mother continued to live in *Wilton* for the ten or twelve next succeeding years, and of course were residing there on *March* 21, 1821.  No supplies were furnished to the pauper, or to her mother after her removal to *Wilton,* until the supplies for which this action was brought were furnished to the pauper in *Farmington,* commencing *October* 1, 1838.  If the settlement of the pauper was in *Jay,* the defendants were to be defaulted.

*J. L. Cutler,* for the plaintiffs, said that the *Massachusetts statute* of 1793, *c.* 59, under which the pauper gained a settlement derivatively from her father, was, as it respects the present case, precisely the same as our statute of *March* 21, 1821.

A posthumous child gains a settlement in the same way, as if born before the death of the father, and is to be considered in all respects as the other children.  3 *William's Abr.* 17 ; 1 *Bl. Com.* 94, and *notes* ; 3 *Bac. Abr.* 124.

A legitimate child can gain no settlement in his own right, while a minor, unless emancipated.  *Somerset* v. *Dighton,* 12 *Mass. R.* 383 ; *Hallowell* v. *Gardiner,* 1 *Greenl.* 93 ; *Fayette* v. *Leeds,* 1 *Fairf.* 409 ; *Milo* v. *Kilmarnock,* 2 *Fairf.* 455.  Emancipation is never to be presumed.  *Sumner* v. *Sebec,* 3 *Greenl.* 223.

Legitimate children, deriving a settlement from their father, at the time of his death, will not follow the settlement of their mother, if she should gain a new one.  *Fairfield* v. *Canaan,* 7 *Greenl.* 90 ; *Biddeford* v. *Saco, ib.* 270.

The mother of the pauper was carried to *Wilton* as a pauper, and so remained on *March* 21, 1821, and at the incorporation of *Wilton,* and for that cause could gain no setttement in *Wilton.*

The selectmen had power to contract for their support as a pauper of *Jay* in another town. *Davenport* v. *Hallowell,* 1 *Fairf.* 317.

*H. Belcher* and *May,* for the defendants.

The mother of the pauper was not herself a pauper after her removal to *Wilton.* She gained a settlement by residing in *Wilton* on *March* 21, 1821. *Standish* v.· *Windham,* 1 *Fairf.* 97 ; *Wiscassett* v. *Waldoborough,* 3 *Greenl.* 388.

The pauper does not take her settlement from her father, but from her mother ; and if so, acquires any new settlement which the mother may acquire. *Parsonsfield* v. *Kennebunkport,* 4 *Greenl.* 47. This child, under our statute can take no settlement until its birth. Every provision in the statute has relation to the time of the birth in fixing the settlement. Our statute being on this subject like that of *Massachusetts,* the decisions there apply. *Plymouth* v. *Freetown,* 1 *Pick.* 197 ; *Scituate* v. *Hanover,* 7 *Pick.* 140 ; 2 *Dane,* 410, and cases cited.

It is a consideration of great weight in favour of the construction for which we contend, that unless we are correct, the mother and child will be separated, and belong to different towns. *Dedham* v. *Natick,* 16 *Mass. R.* 135 ; 20 *Johns. R.* 1.

*R. Goodenow* replied for the plaintiffs.

The opinion of the Court was drawn up by

WESTON C. J. — The pauper was born prior to the separation of this State. Her settlement therefore, at the time of her birth, must depend upon the law of *Massachusetts.* By the statute of that state of 1793, *c.* 59, which was the law existing at the birth of the pauper, legitimate children were to follow and have the settlement of their father, if he shall have any within the commonwealth, until they gain a settlement of their own ; but if he shall have none, they shall in like manner follow and have the settlement of their mother, if she shall have any. The same provision has been reenacted in this state. Statute of 1821, *c.* 122, § 2. In all the cases, in which a child has been held to follow the settlement of the mother, under this mode, the father never had any settlement in the state. We are satisfied, that posthumous children have a derivative settlement from their father, if he had any ; and that in this respect they are in the same condition, with such as are

born in his lifetime. Every legitimate child in *ventre de sa mere*, is considered as born for all beneficial purposes. *Coke Lit.* 36; 1 *P. Wms.* 329.

It has become a principle of law, in the construction of the statutes for the relief of the poor, that minor children, until emancipated, are incapable of gaining a settlement in their own right. The reason for the establishment of this rule was, that they might not be separated from their parents. It has been applied however generally ; and sometimes where its application has had the effect, to separate the settlement of the minor from that of the surviving parent. *Biddeford* v. *Saco,* 7 *Greenl.* 271, is a case of this character. There two minor children with their mother, their surviving parent, dwelt and had their home in *Saco,* on the twenty-first of *March,* 1821 ; yet they were held incapable of acquiring a settlement in their own right; although a different decision would have given them the same settlement with their parent, and that which actually obtained, separated their settlements. *Milo* v. *Kilmarnock,* 2 *Fairf.* 455, was a decision to the same effect. These were cases of illegitimate children, who although they take the settlement of their mother, at the time of their birth, do not follow one, which she may subsequently acquire. Nor in this case did the pauper follow the settlement of her mother, the law giving her the settlement of her father, which was in *Jay,* until she acquired one in her own right. And although she resided and had her home in *Wilton,* on the twenty-first of *March,* 1821, yet being a minor, and not emancipated, she thereby gained no settlement in that town.

In *Dedham* v. *Natick,* 16 *Mass. R.* 135, cited for the defendants, where a legitimate daughter was held to follow the settlement of her mother, who was her surviving parent, the decision depended upon the law in force prior to the act of 1793, *c.* 59, which was changed by that statute.

*Defendants defaulted.*