JUDGE PRYOR
delivered the opinion op the court.
The appellee, James Packer, instituted the present action against the Covington Street-railway Company, alleging that the company, while using and running its cars upon Third Street, in the city of Covington, by its agents and employees wrongfully and without the consent of the appellee induced his (appellee’s) son, George Packer, eight years of age, to get upon the cars' of the company; and in the attempt to put his son off the car its agent and employee carelessly and negligently ran the car over him, and by reason of this negligence his son was greatly injured, and in a short time thereafter died, etc. It is further alleged that the son at the time resided with the father, and that by reason of this wrongful act he had been deprived of his services, and put to great expense in nursing, paying medical bills, etc. An issue was formed by the pleadings, and a verdict given for the appellee for four hundred and fifty dollars, upon which a judgment was rendered, and the case is now here for revision.
A number of instructions were asked for in the court below by counsel for both parties, and we perceive no valid objection to the action of the court in giving or refusing any of them, except instruction No. 4, given at the instance of the plaintiff. The jury were told by this instruction that the plaintiff was not restricted to the actual damages sustained by him; but they might, in their discretion, find such compensatory *457 damages as they might deem just and proper, in view of all the evidence, for the mental anguish and injury to the affections of the plaintiff occasioned by the injury and suffering of the child, not exceeding the amount claimed in the petition.
At common law in cases of injuries to the person, if either the party who committed or who received the injury died, the action abated, the maxim being actio personalis moritur cum persona. This rule of law has, to some extent, been changed in this state by various statutory enactments, under which actions may in many instances be prosecuted in the name of the personal representative of the party killed. The present cause of action, however, is not based upon any of these statutes. The fl%her of the child is seeking to recover upon the alleged ground that he was entitled to the services of the child, and the foundation of the action is the relation of master and servant. It is not maintained because the appellee is the father of the child, but upon the ground alone that he is entitled to the child’s service. If a servant in his employ, in no wise related to him, and to whose services he was entitled, had been injured in the same manner, this action could have been maintained by the appellee for the loss of service, and the criterion of recovery would have been in every respect identical. It results therefore that if the parent can recover damages to the same extent for an injury to one who is not related to him by reason of this loss of service, his recovery is limited in the same manner for an injury to his child. No damages can be awarded him because of his injured feelings as parent. The child, if living, could maintain an action and recover such damages as are sought in this case upon facts showing an injury from negligence, and so could the servant; and if the father or master can also recover such damages, the party committing the wrong is made to pay double damages.
It is not pretended that the appellee can recover for the loss of his son’s life, as the cause of action for such injuries *458 dies with the party injured, unless the proceeding is instituted by the representative of the deceased, as is provided by the statutory enactments before alluded to. The damages recoverable by a parent or master for a negligent injury to the child or servant “are strictly limited to an amount fairly compensatory for the consequent loss of service, and the expenses which the plaintiff has incurred in consequence of the injury, such as for surgical attendance, and no more.” (Shearman and Redfield on Negligence, p. 666.)
In the case of Ford v. Monroe (20 Wendell, 210), in an action for negligently killing the plaintiff’s son, ten years old, the jury were instructed that the plaintiff was entitled to recover such sum as the service of the son would have been worth until he became twenty-one years of age, and the view embodied in that instruction was "recognized as the law in that case. This authority, however, is regarded by the courts of that state (New York) in recent decisions as questionable, and was reviewed by this court in the case of Eden v. The Lexington & Frankfort Railroad Company (14 B. Mon. 165), and considered as a departure from the well-recognized rules of law applicable to such cases. (3 Comstock, 489; 1 Cush. 489; Ohio & Mississippi Railroad Company v. Tindall, 13 Ind. 366.) In the case of the Oakland Railway Company v. Fielding (48 Penn. 320) the son of the plaintiff, sixteen years of age, was run over by the engine, and his leg crushed and afterward amputated. The court held that the father could only recover for the loss of service, for nursing, and for medical attendance. In the case of the Pennsylvania Railroad Company v. Kelly it is said “that such suffering would be the subject of an action by the child himself, and should not enter into the computation of the father’s damages.”
It is insisted by counsel for appellee that in an action for seduction the father’s feelings may be considered by the jury in determining the amount of damages, and that such an action, *459 as well as the one now being considered, is based upon the loss of service. It must be conceded that such is the basis of both actions, and all the elementary writers on the subject, in attempting to give the reason for this departure from the principle and permitting such damages to be awarded, make the action for seduction an exception to the general rule, for the reason, no doubt, of the shame and disgrace caused by an exposure of the facts pertaining to such an action; and in this respect it differs from actions for mere negligence. The legislative enactment of the 10th of March, 1854 (2 R. S. 510), by the first section provides that where the life of a person not in the employment of a railroad company is lost by reason of the negligence of the company or that of its agents or employees, the personal representative of the person whose life is lost may institute suit and recover damages in the same manner that the person himself might have done for any injury where death did not ensue. Under this enactment the cause of action mentioned in the petition survived to the personal representative of the deceased, who might have maintained an action as such, and upon showing a case of negligence would have been entitled to recover, as a part of the actual damages sustained, for the physical and mental suffering of the decedent caused by the injury, and also his loss of service up to his death. This physical and mental suffering only applies to the suffering by the party losing his life. The mental suffering of one person on account of a physical injury to another is too uncertain a test in determining the question of damages, and we think can not be sustained by reason or authority. Such damages are too remote to be given by either a court or jury.
The plaintiff (appellee) can only recover (provided the facts authorize it, a question we do not decide) by way of damages the expenses he has incurred for medical attendan.ce, his care in nursing, etc., and is restricted in his recovery for the loss of service from the date of the injury to the time of the child’s *460 death. (Eden v. Lexington & Frankfort Railroad Company, 14 B. Mon. 165.) It is evident that the jury rendered the verdict upon the supposed injury to the father’s feelings, as there was no proof of the loss of service or of any expense \incurred in paying medical bills or funeral expenses.
For the reasons indicated the judgment of the court below is reversed, and cause remanded with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.