INHABITANTS OF ARLINGTON *vs.* DANIEL LYONS.

Middlesex. Jan. 18. — June 29, 1881. COLT, FIELD & DEVENS, JJ., absent.

Under the Gen. Sts. c. 73, § 25, a town, which has paid for the support at a State hospital of an infant lunatic, whose father has a legal settlement in such town, may maintain an action at law against the father for the amount so paid.

A count upon an express promise to pay one half of the amount expended by a town for the support of a lunatic at a State hospital is not sustained by proof of the defendant's liability under the Gen. Sts. c. 73, § 25; but, if the merits of the case have been tried, and the facts necessary to create the defendant's liability under the statute are undisputed, an amendment of the declaration may be allowed, by adding a count declaring for the amount claimed, alleging the facts necessary to make out a case of statutory liability, and averring an agreement and the plaintiff's willingness to abate one half of the amount paid.

CONTRACT. The declaration contained two counts. The first count was to recover $60.42, being one half the amount paid by the plaintiff to the state lunatic hospital at Worcester for the board and other expenses there of the defendant's insane minor daughter from September 1, 1877, to July 1, 1878, and alleged an express contract on the part of the defendant to pay the same, made at the time of the commitment of the daughter to the hospital. The second count was to recover the sum of $47.91, paid by the plaintiff for the support of the same child at the same place from July 8 to October 1, 1879. Both counts alleged that the defendant's daughter was insane, and was properly committed to said hospital; that the defendant had a

settlement in the plaintiff town; and that due demand was made by plaintiff for payment of the above sums, and that the same remain unpaid. Trial in the Superior Court before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

It was in evidence, on the part of the plaintiff, that the defendant had a legal settlement in Arlington; that he had a family consisting of seven children, besides himself and wife, one of whom, Margaret Lyons, was on May 4, 1877, duly committed to the lunatic hospital at Worcester by order of the Judge of Probate for Middlesex County, where she remained until July 1878, when she was taken by the defendant to his house, and was again committed on July 8, 1879, by the Judge of Probate, to the said hospital, where she still remains; and that she is now under twenty-one years of age. It was also in evidence that the sums sought to be recovered in this action were duly paid by the plaintiff to the lunatic hospital, and that the same have not been paid to the plaintiff, although demanded of the defendant.

The only evidence of the contract alleged in the first count came from John Schouler, and was in substance, that, in May 1877, he was chairman of the board of selectmen in the town of Arlington; that he was sent for to see the defendant's daughter, and, upon seeing her, told the defendant that she ought to be sent to the asylum; that the defendant said he was unable to pay for her; that he, Schouler, said the town would pay one half the expense while she remained there, and that the defendant should pay the other half, and if she did not get well they could have her sent to the state almshouse; and thereupon, upon Schouler's suggestion, the application for commitment was made by the defendant. The plaintiff here rested its case. There was no evidence that the witness Schouler was authorized by the plaintiff or by the selectmen to make any agreement with the defendant.

The defendant offered no evidence, and requested the judge to rule as follows: " 1. The plaintiff cannot recover upon the first count of the declaration, for the reasons that the agreement declared on in said first count was an agreement not to be performed within a year, and was not in writing. 2. The witness

Schouler had no authority to make such an agreement. 3. Upon the evidence the plaintiff is not entitled to recover upon the first count. 4. The plaintiff cannot recover against the defendant in this form of action under the second count of said declaration. 5. Upon the evidence the plaintiff cannot recover against the defendant under the second count of the declaration. 6. The only means of enforcing the liability against the kindred under the Gen. Sts. *c.* 73, § 25, is by petition, as provided in the Gen. Sts. *c.* 70, § 5. 7. The plaintiff must prove, in order to recover under said count, that the lunatic was a pauper at the time of commitment to said asylum."

The judge refused to rule as requested, and instructed the jury that, upon the evidence, if they found that the lunatic was not of sufficient ability to pay for her own support in said hospital, they must return a verdict for the plaintiff for the amount claimed in both counts. The jury returned a verdict for the plaintiff; and to the foregoing ruling and refusals to rule the defendant alleged exceptions.

*J. W. O'Brien*, for the defendant.

*J. H. Hardy*, for the plaintiff.

MORTON, J. By our statutes concerning the state lunatic hospitals, the charges for the support of lunatics not having a settlement in this State are to be paid by the Commonwealth in the first instance, and the same may afterwards be recovered by the treasurer of the Commonwealth of the lunatics themselves, if of sufficient ability to pay the same, or of any person or kindred obligated by law to maintain them, in suits to be instituted by the district attorneys or other prosecuting officers when requested. St. 1862, *c.* 223, § 11. If the lunatic has a known settlement in this State, whether he is a pauper or not, the place in which he had his residence at the time of his commitment is liable for his expenses at the hospital in the first instance, and "the lunatic, if of sufficient ability to pay the same, and any kindred obligated by law to maintain him, shall be liable for all such expenses paid by any city or town." St. 1862, *c.* 223, § 10. Gen. Sts. *c.* 73, § 25. It is clear that the liability thus created or declared by the statutes may be enforced by a suit at law, unless the statutes have provided some other remedy which excludes such suit. The defendant in this case contends that

the only remedy which a town has to enforce this liability is by a complaint to the Superior Court under the Gen. Sts. *c.* 70, § 5. But the statutes concerning the support of lunatics do not so provide. They are intended to cover the cases of lunatics who are not paupers, and to which the provisions of the Gen. Sts. *c.* 70, cannot apply. The sections relating to lunatics who have no settlement in this State expressly authorize the treasurer of the Commonwealth to institute suits against the lunatic or his kindred, and it is not to be presumed that the Legislature intended to provide a different remedy for cities and towns. We are of opinion that, by the true construction of the statutes, a city or town which has paid for the support of a lunatic at one of the hospitals may maintain an action at law to recover the sum paid of the lunatic, or of the kindred bound by law to support him.

In the case at bar, the defendant has his legal settlement in the town of Arlington. The town has paid for the support of his infant daughter in the state lunatic hospital at Worcester. The defendant is bound to support her; and it follows that the town is entitled to recover of him the sums thus paid in an action of law; and that the instructions of the Superior Court, so far as they relate to the second count of the plaintiff's declaration, are sufficiently favorable to the defendant.

The only difficulty in the case as it is presented to us is in regard to the first count. This is a count upon an alleged express promise by the defendant to pay one half of the expenses of his daughter incurred under her first commitment to the hospital. The plaintiff could only recover under it by proving the promise as alleged. The presiding justice of the Superior Court overlooked the form of this count, and ruled upon it as if it had been, like the second, a count upon the statute liability of the defendant. This was technically erroneous, because the first count is not sustained by proving the statute liability, but proof of the express contract is necessary.

But we are of opinion that the ends of justice do not require that a new trial should for that reason be granted. The case is peculiar. All the facts necessary to create a liability of the defendant under the statute for the expenses of his daughter specified in the first count are undisputed. Upon these undisputed

facts, the only answer which he could set up would be that the plaintiff agreed to abate, or not to exact more than, one half of the sum it might have to pay. Unless there was such an agreement which was valid and binding, he is clearly liable for the whole amount paid by the town. In fact, at the trial, the town set up such an agreement, and its willingness to be bound by it, and the defendant denied any such agreement, or that, if made, it bound the town. In this state of facts, if the plaintiff had at the trial amended its declaration by adding a count declaring for the amount claimed in its first count, alleging the facts necessary to make out a case of statute liability, and averring an agreement and its willingness to abate one half of the sum it had paid, it would then have been immaterial whether any such agreement as is alleged in the first count was made by the parties, because the plaintiff would be entitled to recover the amount claimed, whether there was such agreement or not. This court has power to allow amendments at any stage of a case before judgment, and we are of opinion that such an amendment ought to be allowed in this case. The objection of the defendant is a formal and technical one, not affecting the question of his ultimate liability. The ends of justice and the interests of both parties require that the amendment should be made, and the annoyance and expense of further litigation, which can have but one possible result, avoided. Upon the plaintiff's filing an amendment as suggested above, the exceptions will be                                 *Overruled.*