NATCHEZ, JACKSON AND COLUMBUS RAILROAD COMPANY *v.* NANCY COOK.

MINOR.    *Killed in employ of railroad company.    Right of mother to sue for damages.*

Where a minor, in the discharge of his duty as an employee of a railroad company, receives injuries through the negligence of the company, from which he dies three days afterward, his mother, being his only surviving parent, is entitled by the common law (her son not having been emancipated) to recover of the railroad company damages for the loss of his services from the time the injuries were received by him till his death, and for any incidental expenses incurred by her during that time for medical attention to, and care and nursing of, him.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

James Crawford, aged seventeen and a half years, was in the employ of the Natchez, Jackson and Columbus Railroad Company as a brakeman, and while in the performance of his duty on a train running on the company's road, the bridge across a certain bayou gave way, several cars were thrown from the track, and he received bruises and injuries which produced his death three days afterward.

This action was brought by Nancy Cook, as administratrix of Crawford's estate and as his mother and only living parent, against the railroad company to recover damages for the injuries resulting from his suffering, loss of time, and death, it being alleged that the same were caused by the negligence of the defendant. The defendant demurred to the plaintiff's declaration. The demurrer was overruled, and then the defendant plead the general issue and gave notice that it would adduce evidence " to show that the

deceased was nearly of full age, and was practically emancipated by his mother, and allowed by her to contract with the company and receive his own wages."

The parties to the suit entered into the following agreement:

"Eliminating all questions of law and fact in this case, except as hereinafter stated, it is now agreed that a verdict and judgment may be entered in favor of plaintiff herein on the first day of the ensuing term of court for five hundred dollars, damages and cost of suit, it being understood and agreed that the defendant may, within sixty days thereafter, appeal to the supreme court to test the question of law, whether or not the plaintiff, under any phase of the case, or in any event, is entitled to recover. Prior to the entry of the judgment, evidence in writing may be taken and filed as to one point of defense on the facts only—that is to say, as to the claim that the deceased was, prior to his death, twenty-one years of age, or so far emancipated by the plaintiff as to be permitted to be employed by the defendant as an adult. Evidence in writing, *pro* and *con*, may be taken and filed as to this point before entry of judgment, and on appeal this evidence is to be embraced in the record and considered by the supreme court in connection with the other question above mentioned. If, then, in either phase of the case, the supreme court shall be of opinion that the plaintiff is entitled to a recovery, the judgment shall be affirmed and shall be a final adjudication; otherwise, it is to be reversed, and the supreme court is to make such disposition of the case as shall be considered proper."

Evidence was taken and filed, and a judgment rendered as contemplated by the above recited agreement. The effect of such evidence is stated in the opinion of this court. The defendant appealed from the judgment of the lower court, and presented for the consideration of this court the questions left open by the agreement above set forth.

*Nugent & McWillie*, for the appellant.

It is well settled that at common law no damages can be recovered for occasioning the death of a human being, and hence, in nearly every State of the Union statutes on this subject have been

passed. These laws authorizing the bringing of actions in such cases are purely local in their nature, and cannot be extended in their effects by the courts beyond their express terms. 7 Am. and Eng. Ry. Cases 30.

The slightest examination of § 1510 of the code discloses the fact that under it, no right of action survives except when the person killed, if a child, leaves a surviving father. Certainly this is true if, at the common law, there was no action at all in such case. It is conceded that on the 15th of March, 1884, the statute was amended by inserting the word " mother " after father, but that could hardly affect the right of parties in this case, which ought to be determined by the law existing at the time.

In *R. R. Co.* v. *Wynn*, 42 Ga. 333, it was held that a husband could not, under the statute or at common law, recover damages for the homicide of his wife. The rule of the common law, stated by Lord Ellenborough in *Baker* v. *Bolton*, 1 Campbell 493, is this: "In a civil court the death of a human being could not, by the common law, be complained of as an injury; and in this case the damages as to the plaintiff's wife must stop with the period of her existence." Judge Cooley says: "For an injury suffered by the child in that relation no action will lie at the common law." Cooley on Torts 235. "No action would lie at common law for causing the death of a human being." Ib. 15. It has been held that the relation of master and apprentice is such as will sustain an action in the name of the master for an injury to the apprentice causing disability, *per quod servitium amisit*. *Ames* v. *Ry. Co.*, 117 Mass. 541. In *Dennis* v. *Clark*, 2 Cushing 349, the law on this subject is elaborately discussed, but the child was not *killed* in that case. If the point were, however, conceded there could be no recovery in this case, because the mother could only recover for loss of services due to her as mother, and, as to this, the personal representative could have no right whatever. The demurrer to both counts in the declaration should have been sustained.

On the facts the verdict and judgment should have been for the defendant.

Crawford was emancipated, to all practical intents and purposes,

and Nancy Cook was relieved of all legal obligations to support him, but this she never did or attempted to do, and his wages legally appertained to his personal representative and not to her. As the plaintiff below was paid the wages accrued by her own testimony, she could recover nothing in this suit as the administrator of Crawford's estate.   Crawford, upon the facts in this case, must stand upon the same footing with a person who had arrived at full age.   Scholer's Dom. Rel. X., p. 371.   If this be true the statute does not warrant a recovery at all.   Had Crawford attained his majority there is no doubt that Nancy Cook would have no right to sue for damages because of his death.

*W. L. Nugent*, for the appellant, argued the case orally.

*L. Brame*, for the appellee.

1. In view of the use of the word " parent" in the second clause of § 1510 of the Code of 1880, construing the section as a whole, we submit that, without reference to the amendment, the mother was entitled to sue.   It surely could not have been the intention of the legislature to exclude the mother from the remedy of this statute.  *R. R. Co.* v. *Venable*, 7 Am. and Eng. R. R. Cas. 35 ; Code 1880, § 16.

2. By the amendment of 1884 (p. 75), if any legislation was necessary, the mother was given a remedy for an injury resulting in the death of her son.  *Collins* v. *R. R. Co.*, 9 Heisk. 841.   In that case, as in this, the amendment was made after the injury but before suit brought, and within the year.

3. Without reference to the statute the mother was entitled to the services of her minor son, and was entitled on account of the injury set out in the declaration to maintain this action.   Shearm. & Red. on Neg., § 608 ; Field on Damages, § 640 ; 2 Thomp. on Neg. 1260 ; Wood's Master and Servant, § 223 ; *Whitaker* v. *Warren*, 60 N. H. 20 ; *Shields* v. *Yonge*, 15 Ga. 349 ; *Evansich* v. *Ry. Co.*, 57 Tex. 123; *Benton* v. *R. R. Co.*, 55 Iowa 496 ; *Caldwell* v. *Brown*, 53 Pa. 453.   This is recognized and declared in the very case of *Lehigh Iron Co.* v. *Rupp*, 7 Am. & Eng. R. R. Cas. 25, so much relied on by counsel for appellant.   The effort to show that the plaintiff had lost or given up all parental control or

authority is totally unavailing in view of the evidence. Irrespective of the question as to the mother's right to recover for the *death* under the statute, she certainly had the right to sue for the loss of service, nursing, medical attention, etc., and under the agreement the necessary testimony is to be considered as having existed to sustain the judgment that was entered. *R. R. Co.* v. *Miller*, 49 Texas 332.

4. The common-law rule that personal actions die with the person is changed by our statute. Under §§ 2078 and 2079 of the code trespass and all personal actions survive. Without reference to the plaintiff's rights as *mother*, she was clearly entitled to prosecute this action as the personal representative of the deceased, for the damages inflicted on *him*, and for his suffering before death, resulting from the wrongful act of the defendant. The deceased did not die instantly, but lingered and suffered several days after the infliction of the injury. See Field on Damages, § 644, and the very able and interesting opinion in the case of *Needham* v. *R. R. Co.*, 38 Vt. 294.

*H. R. Ware & L. Brame*, for the appellee, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

On the facts of record we concur in the conclusion reached in the court below, that the deceased was a minor, and had not been emancipated by his mother at the time of his death.

It may be conceded that the suit could not be maintained by appellee, as the mother of the child, under § 1510 of the code, and the amendment thereto made by the act of 1884, and that it is the doctrine of the common law that a civil action cannot be prosecuted to recover damages for an injury resulting in the death of a human being, but there is still a phase of the case in favor of appellee's right to sue. Death did not result instantly from the injuries received by the deceased. As surviving parent, the mother was entitled to the services of her child, and, without reference to the statute, she might sue for and recover at least the value of his services from the date of the injuries received by him to his death,

and any incidental expenses she may have incurred for medical attention, care, and nursing up to that time. She would have a remedy at common law, not for the death of the child, or for the injuries suffered by him, but for the loss of his services and incidental expenses, as above specified. Cooley on Torts 262; *Hyatt* v. *Adams,* 16 Mich. 180; *Covington, etc., R. R. Co.* v. *Packer,* 9 Bush 455; *Sullivan* v. *U. P. R. R. Co.,* 3 Dill 334.

*Affirmed.*