BRIDGET HORGAN *vs.* PACIFIC MILLS.

Essex.    November 1, 1892. — March 4, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Parent and Child — Recovery by Mother for Loss of Service, Labor performed, and Expenses.*

A widow with minor children, who keeps the family together and supports herself and them, with the aid of their services, has very much the same control over them and their earnings during their minority, and is subject to the extent of her ability to much the same civil responsibility for their education and maintenance, as a father.

When a minor child lives with its mother, who is a widow, and is supported by her, and works for her as one of the family, the mother is entitled to recover for the loss of services of the child, and for labor performed and expenses reasonably incurred in the care and cure of the child, so far as they are the consequences of an injury to the child caused by the negligence of the defendant.

TORT for damages for the loss of service of the plaintiff's daughter, a minor, and for labor performed and expenses incurred in the care and cure of her daughter in consequence of injuries received by her through the negligence of the defendant. The writ was dated March 23, 1886.

An action against the same defendant had previously been brought by the daughter for damages for the injuries received by her, and that action had been settled by the parties on October 26, 1885.

In the Superior Court the case was referred to an auditor, who found that the plaintiff was entitled to recover the sum of $227.25, and his report was accepted by the parties as an agreed statement of facts, the material portions of which appear in the opinion. It was further agreed that in the suit by the daughter no claim was made for expenses or loss of services.

The Superior Court, in March, 1892, found for the plaintiff for the sum of $309.97, being the amount found due by the auditor with the interest thereon from the date of the writ. The defendant appealed to this court.

*J. P. Sweeney,* for the plaintiff.

*C. U. Bell,* for the defendant.

FIELD, C. J. The plaintiff's daughter when injured was eleven years old, and it appears that she, with her sisters, one older and two younger than herself, lived with their mother, who was a widow, as members of one family, and that the children were dependent for support on the mother, and rendered some service to her " in work about the house and in tending a small shop which was the front room of the tenement in which they lived." In consequence of the injury the plaintiff suffered loss of her daughter's services, and was put to expense in providing medical attendance for her, and to labor and trouble in nursing and taking care of her. The auditor's report has been made an agreed statement of facts, and the exact finding of the auditor on the question of damages is as follows: " By reason of her daughter's injuries the plaintiff incurred an expense of $10 for help in work about the house while the plaintiff was taking care of her daughter, and rendered personal service in nursing and caring for her daughter which was fairly worth $50, and paid for medical attendance and treatment of her daughter on account of said injuries $36, and for expenses properly incurred in going to the Massachusetts General Hospital the sum of $11.25, and for prescriptions, medicines, etc. the sum of $20, and by reason of said injury the value of her daughter's services to her was diminished $100; and I find that all said expenses were properly incurred by the plaintiff, who was without means of support other than her own exertions, without any agreement between her and her daughter for repayment thereof, unless such agreement is to be implied by law from the facts herein reported.

And that the daughter at the time said expenses were incurred had no property or thing of value, excepting a claim against this defendant for damages suffered by reason of their said negligence, and that this claim was not settled or paid until October 26, 1885, which was after all said expenses were incurred, so that at the time said expenses were incurred the daughter was actually dependent upon the plaintiff for support and care." These sums amount to $227.25, which the auditor found the plaintiff was entitled to recover, unless the value of the loss of services occurring after the date of the settlement of the daughter's suit should be deducted, which he estimated at $25.

It appears that the daughter brought suit against this defendant for the injury, and that the suit was settled by the payment of $2,800, which the plaintiff in the present action received, as guardian of her daughter, having been appointed guardian on September 21, 1885. It is agreed that in this suit by the daughter no claim was made for expenses or loss of services.

The tendency of modern decisions is to give to a widow left with minor children, who keeps the family together and supports herself and them, with the aid of their services, very much the same control over them and their earnings during their minority, and to impose on her to the extent of her ability much the same civil responsibility for their education and maintenance, as are given to and imposed on a father. We are of opinion that when a minor child lives with its mother, who is a widow, and the child is supported by the mother, and works for her as one of the family, the mother is entitled to recover for the loss of services of the child, and for labor performed and expenses reasonably incurred in the care and cure of the child, so far as they are the consequences of an injury to the child negligently caused by the defendant. *Dedham* v. *Natick*, 16 Mass. 135. *Hammond* v. *Corbett*, 50 N. H. 501. *Matthewson* v. *Perry*, 37 Conn. 435. See *Dumain* v. *Gwynne*, 10 Allen, 270 ; *Camerlin* v. *Palmer Co.* 10 Allen, 539 ; *Baldwin* v. *Foster*, 138 Mass. 449 ; *Gleason* v. *Boston*, 144 Mass. 25 ; *Connell* v. *Putnam*, 58 N. H. 534 ; *Whitaker* v. *Warren*, 60 N. H. 20 ; *County Commissioners* v. *Hamilton*, 60 Md. 340 ; *Natchez, Jackson, & Columbus Railroad* v. *Cook*, 63 Miss. 38. Of course there should not be a double recovery, but if the expenses are not incurred on the credit of the child, but on

that of the mother, and if the child, while living with the mother, is not entitled to its own earnings, so that the loss of service is not the child's loss but the mother's, these items of damage should not be included in the damages recovered by the child, but in those recovered by the mother.   See *M'Carthy* v. *Guild*, 12 Met. 291; *Dennis* v. *Clark*, 2 Cush. 347; *Wilton* v. *Middlesex Railroad*, 125 Mass. 130.   In the case of a girl eleven years old, whose father is dead and whose mother remains a widow, and who has no property and no guardian, it is wise policy to give the control of her to her mother, and to impose on the mother the ordinary rights and duties of a parent, unless it has been determined otherwise by some tribunal having jurisdiction over the relation of parent and child.

The finding of the court seems to be for the sum found by the auditor, with interest from the date of the writ.   This, we think, is correct.   It does not appear from the papers that judgment has been entered on this finding, but we assume that this has been done, as the defendant appeals.   The entry should be,

*Judgment on the finding affirmed.*