INHABITANTS OF FAIRHAVEN *vs.* GEORGE H. HOWLAND.

Bristol.    October 27, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Pauper.    Grandfather.*

The liability of a grandfather under R. L. c. 81, §§ 10, 11, to reimburse a town for expenses incurred for the support of a pauper grandchild, who is a minor, is not affected by the fact that, when the support was furnished by the town, another person had been appointed by the Probate Court the guardian of the grandchild with the custody of his person.

COMPLAINT IN EQUITY, filed in the Superior Court on October 4, 1911, under R. L. c. 81, §§ 10, 11, to recover expenses incurred for

the support of one Carlton F. Howland, a minor grandchild of the defendant.

The answer, besides a general denial and a denial that the complaint was brought by authority of the town of Fairhaven, alleged that the defendant had provided for the brothers and sisters of the child in question and was ready to obtain a proper home for this child, but that with the connivance of officials of the town a guardian had been appointed for the child, who refused to allow the child to be removed from the place where he was.

The case was heard by *Ratigan,* J. He found that Carlton F. Howland, who was a minor and a grandson of the defendant, was a pauper then being supported by the plaintiff and that he had been so supported since May 31, 1910; that his father was dead and his mother through lack of sufficient means had failed to provide properly for his support; that the defendant, although requested by the overseers of the poor of the plaintiff, had failed to provide proper and suitable support and maintenance, either in whole or in part, for such pauper, and that the plaintiff had expended in the support of the pauper from May 31, 1910, to August 28, 1911, $122 and then was expending the amount of $2 a week for his support; that the defendant owned real property of about $7,000 in value, from which he derived a net income over interest, taxes and repairs of at least $400 a year; that he also earned from his trade as a stone mason about $600 a year at least, making his entire net income at least $1,000 a year; that he had no wife or family to support, but that he provided support for two other grandchildren to the extent of $5.50 a week in addition to helping to provide their clothes.

The judge further found the following facts, if they should be deemed material to the issues in the case: On March 25, 1911, one Sarah E. Hammett was appointed guardian of Carlton F. Howland by the Probate Court for Bristol County and was given the custody of Carlton F. Howland. This appointment was procured for Mrs. Hammett on the petition of one Morris R. Brownell, one of the overseers of the poor of the complainant. Mr. Brownell was also the member of the overseers of the poor who had charge of the claim against the defendant. Mrs. Hammett was the person who had been taking care of the child and

had been receiving payment from the plaintiff for so caring for the child, at the rate of $2 a week. She was a suitable person to have such care of the child and the amount paid her was reasonable. Her appointment as guardian was made without the knowledge of the defendant. The defendant had made arrangements, of which the board of overseers of the poor knew nothing until after the appointment of the guardian, with a reputable family to take the grandchild, Carlton F. Howland, when he ascertained that Mrs. Hammett had been appointed guardian of the child and had been given custody of him. Both before and since the time of the appointment he neglected to make any suitable provision for the support and maintenance of the pauper, either in whole or in part. He also failed to contribute anything to the plaintiff for the support and maintenance of the child, although he had been requested by the overseers of the poor so to contribute both before and after the appointment of the guardian.

The judge found that the defendant was of sufficient ability to contribute to the support of the pauper. He ordered that the defendant forthwith should pay to the plaintiff the sum of $260 for the support of the child to December 23, 1912, and that he further should pay the sum of $2 a week from and after that day in quarterly payments until further order of the court, with costs to the plaintiff.

The judge reported the case for determination by this court, with the provision that, if upon the facts he was authorized to enter this order, it should stand; otherwise, that such order should be entered as this court might direct.

The case was submitted on briefs.

*J. H. Clifford,* for the plaintiff.

*M. R. Hitch,* for the defendant.

SHELDON, J. The fact that the Probate Court had appointed a guardian of this child with the custody of his person did not relieve the defendant, his grandfather, from liability for his support under R. L. c. 81, §§ 9–11. No provision for such relief can be found in the statutes. If the child's parents had been living, and the need had arisen, the defendant would still have been liable. If he desired to furnish the support in his own house, his remedy was under § 13 of the same statute. The New York de-

cisions which have been cited were rendered under statutes differing from ours, and are not applicable here.

The evidence warranted findings that the defendant was of sufficient ability to contribute to the support of the child, and that the amount assessed upon him was reasonable, having regard to his present ability. *Templeton* v. *Stratton*, 128 Mass. 137.

The order made in the Superior Court must stand.

*So ordered.*