## CITY OF SOMERVILLE *vs.* CITY OF BOSTON.

Middlesex. March 1. — Sept. 7, 1876. ENDICOTT & DEVENS, JJ., absent.

The St. of 1874, c. 274, § 2, providing that "any woman of the age of twenty-one years, who resides in any place within this state for five years together without receiving relief as a pauper, shall thereby gain a settlement in such place," applies only to unmarried women.

CONTRACT for supplies furnished Mary McCloskey from March 5, 1875, to April 10, 1875. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on an agreed statement of facts in substance as follows :

Mary McCloskey, being the wife of James McCloskey and more than twenty-one years of age, and not previously having a settlement in this Commonwealth, resided with him, after she arrived at said age, in Boston, for more than five years together, without either of them receiving relief as a pauper, and James McCloskey never derived or acquired a settlement either in Boston or in any other place in this Commonwealth.

If, upon these facts, Mary McCloskey acquired a settlement in Boston, judgment was to be entered for the plaintiff; otherwise, for the defendant.

*C. Robinson, Jr.,* for the plaintiff.

*J. L. Stackpole,* for the defendant.

COLT, J. The plaintiff seeks to recover for relief furnished under the pauper laws to a married woman. In support of the action it is contended that a married woman, who, before her marriage, had no settlement in this Commonwealth, acquired one under the St. of 1874, c. 274, § 2, in Boston, by marriage and five years' continuous residence in that city with her hus-

band, who had himself no settlement there or elsewhere in this state, and who acquired none by such residence.

The statute relied on declares that any woman of the age of twenty-one years, who resides in any place within this state for five years together without receiving relief as a pauper, shall thereby gain a settlement in such place; and it expressly repeals the first section of the St. of 1870, *c.* 392, by which any unmarried woman of the age of twenty-one years was permitted to gain a settlement by ten years' residence.

The question here is, whether the later statute, by the omission of the word "unmarried," also repeals the provisions of the Gen. Sts. *c.* 69, § 1, by which the settlement of a married woman is made to follow the settlement of her husband if he has any; otherwise, her own at the time of marriage, if she then had any, is not lost or suspended by the marriage.

These statutes relate to the same subject matter; they constitute parts of a system devised for the regulation of a complicated part of the internal police of the Commonwealth; each must be construed so as to preserve, if possible, the harmony of the whole. In the language of Shaw, C. J., in *Goddard* v. *Boston,* 20 Pick. 407, the two statutes "are to be construed together. A later statute on a given subject, not repealing an earlier one in terms, is not to be taken as a repeal by implication, unless it is plainly repugnant to the former, or unless it fully embraces the whole subject matter." In ascertaining the intention of a new statute with reference to its effect upon existing laws, it is a fair subject of judicial consideration that those laws have long been established in accordance with sound morality and the settled policy of the state, and therefore are not likely to be repealed by doubtful words or by mere implication.

The rule that the settlement of a married woman follows that of her husband has long been the statute rule of this Commonwealth. Sts. 1789, *c.* 14; 1793, *c.* 34, § 2. It rests upon the principles of the common law, and in England is as old as the law of settlement. *St. Michael* v. *Nunny,* 1 Stra. 544. *Rex* v. *Alton,* 1 Burr. 307. It is founded on the highest consideration of public policy and morality; it concerns the unity of the marriage relation, and is declared by Blackstone to prevail because the law will not permit the separation of husband and wife. 1

Bl. Com. 363. It cannot be inferred, without clear and express provision, that the Legislature intended that the rules regulating pauper settlements should under any circumstances effect the compulsory separation of man and wife and the breaking up of joint parental relations to their children. By the construction contended for by the plaintiff, the wife would gain a settlement in five years, irrespectively of the fact that at the end of that time the husband's settlement was elsewhere. She would then lose the settlement which up to the end of five years she would hold by virtue of her marriage, and acquire a new one by force of the statute. If both should fall in need of relief, that relief as furnished by law would compel the separation.

Upon the whole we are of opinion that the purpose of the second section of the St. of 1874 was to diminish from ten to five years the time of residence required to give a settlement to an unmarried woman, and not to extend the class of persons to whom the law as it then stood was applicable. The earlier statute relating to married women is not repealed. The right to acquire a settlement in five years must still remain subject to it, and subject to the contingency of marriage.

<em>Judgment for the defendant.</em>