INHABITANTS OF UXBRIDGE *vs.* INHABITANTS OF NORTH-
BRIDGE.

Worcester.    October 5. — 13, 1881.    LORD & ALLEN, JJ., absent.

In an action by one town against another for the support of a female pauper, it
   appeared that, prior to the St. of 1874, *c.* 274, under which it was contended that
   she had acquired a settlement in the defendant town as an unmarried woman,
   she had resided there for five years without receiving aid as a pauper.   There
   was evidence that she married a person thirty years ago and lived with him in
   the defendant town about three months, and he then went to another State and
   died; but there was no evidence of the time of his death.   *Held,* that the action
   could not be maintained.

CONTRACT for support furnished to Polly Jacobs, or Cun-
ningham, a pauper.    Writ dated August 25, 1879.    Answer, a
general denial.

At the trial in the Superior Court, at March term 1881,
before *Aldrich,* J., it was contended that the pauper acquired a
settlement in Northbridge under the St. of 1874, *c.* 274, by a
residence of five years without receiving relief as a pauper.    It
was agreed that the whole residence accrued prior to 1873; that
previously to that year she had not received relief as a pauper;
that she had no settlement in this Commonwealth prior to her
marriage to Cunningham; and that she has none now, unless
she acquired it by that marriage, or by her five years' residence
in the defendant town.    The deposition of a brother of the
pauper, put in evidence by the plaintiff, stated "that Polly
married a foreigner by the name of John Cunningham, about
thirty years ago, and lived with him in Northbridge about three
months, and then he went to Pennsylvania and died."    There
was no other evidence as to when John Cunningham removed to
Pennsylvania, or as to the time of his death, or whether these
events occurred before or after Polly's residence of five years
in Northbridge.    The jury found that Polly resided five years
together in Northbridge.

The judge ruled that the burden was upon the plaintiff to
prove that the pauper was an unsettled person, and that she was
an unmarried woman at the time it was contended she acquired
a settlement by residence in the defendant town; and that the

agreed facts and evidence were insufficient, as matter of law, to prove that she was an unmarried woman, even though they might be sufficient to prove that she was an unsettled person; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*H. E. Fales,* for the plaintiff.

*F. T. Blackmer,* (*W. W. Campbell* with him,) for the defendant.

GRAY, C. J. The only claim made by Uxbridge of a settlement of the pauper in Northbridge was under the St. of 1874, *c.* 274. There was no evidence that the pauper's husband ever had a settlement there; and she could not under that statute gain a settlement by her own residence there during his life. *Somerville* v. *Boston,* 120 Mass. 574. Testimony that his wife thirty years ago lived with him in Northbridge for three months, " and then he went to Pennsylvania and died," without any evidence that he had not since been heard from, is no proof of the time of his death. There was therefore no evidence that he had died before his wife's residence for five years in the defendant town; and the plaintiff town fails to support the burden resting upon it of proving the facts necessary to make out the settlement alleged. *Amherst* v. *Shelburne,* 13 Gray, 341.

*Exceptions overruled.*