### CITY OF CAMBRIDGE *vs.* CITY OF BOSTON.

Middlesex.   March 26. — April 1, 1884.  DEVENS & COLBURN, JJ., absent.

Under the St. of 1874, c. 274, § 2, a widow may acquire a settlement in a town in this Commonwealth by residing therein for five consecutive years without receiving relief as a pauper.

CONTRACT for money expended, in January, 1882, by the plaintiff, for the relief of Eliza A. Knight, a pauper, whose settlement was alleged to be in the defendant city.  Answer, a general denial.  The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon the following agreed facts :

" The only question is whether Eliza A. Knight acquired a settlement in Cambridge under the St. of 1874, *c.* 274, §§ 2, 3. Prior to 1861, she was settled in Boston, and in 1861 she moved to Cambridge, where she has since resided.  Her husband died prior to 1874, not having acquired a settlement in Cambridge, and she has never remarried.  If, on the above facts, she acquired a settlement in Cambridge under said sections, judgment is to be entered for the defendant ; otherwise, for the plaintiff."

*J. W. Hammond,* for the plaintiff.

*A. J. Bailey,* for the defendant.

FIELD, J.   This appeal is from the judgment of the Superior Court, which was rendered upon a ruling that Eliza A. Knight acquired a legal settlement in Cambridge under the St. of 1874, *c.* 274, § 2.   This section was held in *Somerville* v. *Boston,* 120

Mass. 574, not to include married women, because the settlement of a married woman follows that of her husband, if he have any. In *Uxbridge* v. *Northbridge*, 131 Mass. 454, it was implied that, if the husband had died "before his wife's residence for five years," she would have acquired a settlement. The St. of 1874, *c.* 274, was repealed by the St. of 1878, *c.* 190, § 5, saving all rights accruing or accrued; but the principal clause of the St. of 1874, *c.* 274, § 2, was reënacted in the St. of 1878, *c.* 190, § 1, *cl.* 6; and this clause was amended by the St. of 1879, *c.* 242, so that it "shall be held to apply to married women who have not a settlement derived by marriage under the provisions of the first clause, and to widows." It is conceded that the St. of 1879, *c.* 242, is not retroactive (*Cambridge* v. *Boston*, 130 Mass. 357), and that the decision of this case depends upon the construction to be given to the Sts. of 1874, *c.* 274, § 2, and 1878, *c.* 190, § 1, *cl.* 6. A widow is under no disabilities, unless they are imposed by statute. None of the reasons whereby married women were excluded by construction from the operation of these statutes applies to widows. They are *sui juris*, and, in the absence of statutory prohibition, can acquire settlements in the same manner as other unmarried women.

*Judgment affirmed.*