### INHABITANTS OF SPENCER *vs.* INHABITANTS OF LEICESTER.

Worcester. Sept. 28. — Oct. 24, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

The provision of the Pub. Sts. *c.* 83, § 1, *cl.* 4, that "any person of the age of twenty-one years, having an estate of inheritance or freehold in any place within the State, and living on the same three years successively, shall thereby gain a settlement in such place," does not apply to a married woman.

· CONTRACT for money expended by the plaintiff in the relief of Margaret Edwards and her minor children, whose settlement was alleged to be in the defendant town. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows:

Margaret Edwards was the widow of Adonis A. Edwards, to whom she was lawfully married on April 28, 1877, and by whom she had the children above mentioned. The parents of Margaret, at the time of her marriage, had a settlement in the plaintiff town. Adonis was twenty-one years old on May 27, 1877, and died on August 31, 1882. He acquired no settlement after he became of age. He was the son of John S. Edwards and

Sarah E. Edwards by lawful marriage.   John S. had no settlement in the Commonwealth at the time Adonis became twenty-one years of age.   Sarah E. had a derivative settlement from her parents in the city of Worcester at the time of her marriage to John S., in 1850; and on July 18, 1873, she bought a farm in Leicester, taking a deed of the same in her own name, and continued to occupy it with her husband up to the time Adonis became of age, May 27, 1877.

If, upon these facts, Margaret and her children had a settlement in Leicester, judgment was to be entered for the plaintiff; otherwise, for the defendant.

*F. P. Goulding*, for the plaintiff.

*H. O. Smith*, for the defendant.

MORTON, C. J.   The plaintiff contends that Sarah E. Edwards, a married woman, gained a settlement in Leicester, she having bought a farm in that town in 1873, taking the deed in her own name, and having occupied it with her husband for more than three years.

The statute upon which the plaintiff relies provides that " any person of the age of twenty-one years, having an estate of inheritance or freehold in any place within the State, and living on the same three years successively, shall thereby gain a settlement in such place." Pub. Sts. *c.* 83, § 1, *cl.* 4.   This provision of our settlement laws has been in force, unchanged, for many years.   St. 1821, *c.* 94, § 2.   Rev. Sts. *c.* 45, § 1, *cl.* 4.   Gen. Sts. *c.* 69, § 1, *cl.* 4.   St. 1878, *c.* 190, § 1, *cl.* 4.

All of these statutes make specific provisions for determining the settlement of married women.   They provide that a married woman shall follow and have the settlement of her husband, if he has any within the State; otherwise, she shall retain her own, if she had any at the time of the marriage ; provisions which, under many circumstances, would be inconsistent with her obtaining an independent settlement by owning and occupying for three years an estate of inheritance.

It cannot be doubted that, previously to the recent legislation changing to some extent the common law status of married women, the provision we are considering could not be construed as applicable to married women.   There is no reason to suppose that, in the revision of 1880, the Legislature intended to change

the existing law in this respect. It reënacted the provision in the same language previously used, and it is to be presumed it intended that it should have the same meaning and construction. In *Somerville* v. *Boston*, 120 Mass. 574, it was held that the St. of 1874, *c.* 274, providing that " any woman of the age of twenty-one years, who resides in any place within this State for five years together, without receiving relief as a pauper, shall thereby gain a settlement in such place," did not apply to married women.

If we follow this decision, and the reasons upon which it is based, it must be held that the provision we are considering does not apply to married women. It is true that, perhaps in consequence of this decision, the Legislature enacted, by the St. of 1879, *c.* 242, § 2, that the clause of the St. of 1878, which was a reënactment of the above-cited clause of the St. of 1874, should apply to married women who have not a settlement derived by marriage.

But the St. of 1879 does not apply to any other clause or provision of the settlement acts. In the codification of the laws in the Public Statutes, the same limited application is preserved. The first section in the sixth clause provides that any woman of the age of twenty-one years may gain a settlement by a residence of five years ; and the seventh clause provides that " the provisions of the preceding clause shall apply to married women who have not a settlement derived by marriage."

If the Legislature had intended further to change the law, and to make the clauses preceding the sixth apply to married women, it would have said so in the statute. It may be, as argued by the plaintiff, that the reasons for making the sixth clause applicable to married women apply with equal force to the fourth clause. But the court can go no further than the Legislature has gone by clear provisions. If the best policy requires that the fourth clause should be applicable to married women, this must be effected by legislative enactment, and not by judicial construction. We are of opinion, that, as the statutes now stand, the fourth clause does not apply to married women ; and therefore that the plaintiff cannot maintain this action.

*Judgment for the defendant.*