### TREASURER AND RECEIVER GENERAL *vs.* CITY OF BOSTON.

Suffolk.   December 4, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Pauper,* Derivative settlement.

The provision contained in R. L. c. 80, § 6, (repealed by St. 1911, c. 669, § 7,) that "A person who is absent from the Commonwealth for ten consecutive years shall lose his settlement," does not apply to the derivative settlement of a wife, which she acquired by marrying a man then having a settlement in this Com-

monwealth which he afterwards lost by leaving the Commonwealth and remaining continuously absent for ten years thereafter while his wife continued to live in this Commonwealth without acquiring any other settlement.

CONTRACT by the Attorney General in the name of the Treasurer and Receiver General under St. 1907, c. 474, § 10, as amended by St. 1912, c. 17, against the city of Boston to recover amounts paid at the rate of $4 a week for the support at the Lakeville State Sanatorium of two persons alleged to have had throughout the period of such support legal settlements in Boston. Writ dated July 8, 1916.

The first count of the declaration related to the support at the sanatorium of one John H. Clark. The second count related to the support at the sanatorium of Jennie McLean from December 7, 1915, to May 31, 1916, amounting to $101.41.

In the Superior Court the case was heard by *Dubuque,* J., upon an agreed statement of facts. The second paragraph of the agreed statement of facts related only to John H. Clark and has become immaterial because the exceptions in regard to the first count were waived. The rest of the statement, consisting of the first and third paragraphs, was as follows:

"1. Jennie McLean and John H. Clark were inmates of the Lakeville State Sanatorium for the periods of time set forth in the plaintiff's declaration. They were each supported therein during said periods at the expense of the Commonwealth. No security has been given for their support, and no payment has been made to the Commonwealth on account thereof."

"3. Jennie McLean was born in Ireland on July 26, 1862. In 1892 she came to Boston and was married to Charles McLean, who had a settlement in Boston. In 1900 Charles McLean moved to Worcester and remained there until January, 1901, when he went to New York in the State of New York, and has resided there continuously to the present time. Jennie McLean continued to reside in Boston until admitted to said Sanatorium on December 7, 1915."

The judge found for the plaintiff in the sum of $71.43 on the first count of the declaration and in the sum of $101.14 on the second count, $172.57 in all, with interest from the date of the writ. By order of the judge judgment was entered for the plaintiff in the sum of $178.05; and the defendant appealed.

*K. Adams,* for the defendant.

*W. H. Hitchcock,* Assistant Attorney General, for the plaintiff.

CROSBY, J.   This is an action brought under St. 1907, c. 474, § 10, to recover for the support of two patients in the Lakeville State Sanatorium for consumptives.   The defendant having waived its exceptions as to the first count to recover for the support of John H. Clark and admitted its liability therefor, the question remains whether it is liable for the support of Jennie McLean, whose husband left the Commonwealth in 1901 and was continuously absent for ten years thereafter, it being the contention of the defendant that the settlement of the wife was defeated when that of the husband was lost.

It is conceded that, at the date of the marriage of these parties to each other, Charles McLean, the husband, had a legal settlement in Boston and by the marriage the wife derived a settlement from him.   R. L. c. 80, § 1, cl. 1.   When McLean left the Commonwealth in 1901, his wife continued to reside in Boston during the period of ten years thereafter, and there is no evidence that she has acquired a settlement elsewhere, nor does the defendant so contend.   It is well established that a settlement once acquired is presumed to continue until another is gained elsewhere.   *Williamsburg* v. *Adams,* 184 Mass. 263, 266.   If the wife had not acquired a settlement through her husband upon their marriage, she would have gained a settlement in her own right during the ten years her husband was absent from the Commonwealth.

It is provided by R. L. c. 80, § 6, that "Any settlement which was not fully acquired subsequent to the first day of May in the year eighteen hundred and sixty is hereby defeated and lost, unless such settlement prevented a subsequent acquisition of settlement in the same place; but if a settlement acquired by marriage is so defeated, the former settlement of the wife, if not also so defeated, shall be revived.   A person who is absent from the Commonwealth for ten consecutive years shall lose his settlement."   Although the statute above quoted was repealed by St. 1911, c. 669, § 7, it was provided by § 5 that "All existing settlements shall continue in force until changed or defeated by the provisions of this act, and no person who has begun to acquire a settlement by the laws in force at and before the time when this act takes

effect . . . shall be prevented or delayed by the provisions hereof. . . ."

The decisive language of R. L. c. 80, § 6, upon which the defendant relies, is contained in the last sentence of the section. It is plain that literally construed the statute refers only to the person "who is absent from the Commonwealth." It does not expressly provide that settlements derived from the person so absent shall· also be lost, nor can the statute by implication be so construed.

A woman who has a legal settlement in the Commonwealth, at the time of her marriage to a man who is without a settlement here does not lose her settlement; and there is no reason to believe it to have been the intention of the Legislature that a married woman with a derivative settlement should lose it because her husband, by reason of absence from the Commonwealth, would lose his settlement. *Bradford* v. *Worcester,* 184 Mass. 557. *Williamsburg* v. *Adams,* 184 Mass. 263. *Stoughton* v. *Cambridge,* 165 Mass. 251. The statute should not be so construed as to deprive the wife of a settlement once acquired, in the absence of language clearly manifesting such an intention; and it is not to be extended by implication or judicial construction to include persons whom the Legislature has not seen fit to embrace within its scope.

The decisions upon the Maine St. of 1893, c. 269, do not support the defendant's contention. That statute expressly provides that the absent person "and those who derive their settlement from him" shall lose their settlement.

It follows that Mrs. McLean had a settlement in Boston while she was being supported in the State sanatorium and that the defendant is liable for the expense thereof. Accordingly, judgment is to be entered for the plaintiff for the full amount found due by the judge of the Superior Court.

*So ordered.*