INHABITANTS OF BROOKFIELD vs. INHABITANTS OF HOLDEN.

Worcester.   January 7, 1924. — February 25, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Settlement.   Husband and Wife.*

A widow, who before the death of her husband had lived with him and, for less than five consecutive years previous to his death, had been absent with him from a town in which he had a settlement in this Commonwealth, does not lose her settlement which she derived from him by remaining away from the town of such settlement after his death for a period of less than five consecutive years, her absence from the place of settlement while living with her husband as a matter of law not being a voluntary act on her part.

CONTRACT for reimbursement in the sum of $300, being two thirds of the amount of poor relief furnished by the plaintiff to Alice V. Young, alleged to have a settlement within the defendant town.   Writ dated July 31, 1922.

In the Superior Court, the action was heard by *N. P. Brown*, J., without a jury, upon an agreed statement of facts, of which the following are material:

In March, 1915, Alice V. Young and her husband had a legal settlement in the defendant town.   In that month they moved to the plaintiff town and continued to reside there until the husband died on December 13, 1918.   The legal settlement of the husband at the time of his death was in the defendant town.   The widow did not remarry and continued to reside in the plaintiff town with her dependent children where, in December, 1920, she became in need of aid, which was granted by the plaintiff.   The need continued and relief was given by the plaintiff up to the time of the beginning of this action.

On March 16, 1922, the overseers of the poor of the plaintiff notified the overseers of the poor of the defendant that Alice V. Young had applied to them for relief, which they had granted to her as a mother with dependent children,

that her settlement was in the defendant town and that such relief would be charged to the defendant, and that such relief would be continued and charged to the defendant so long as the same should be required. The overseers of the poor of the defendant denied the settlement of Alice V. Young in their town.

The judge found for the plaintiff in the sum of $316.50 and reported the action to this court for determination.

The case was submitted on briefs.

*C. M. Thayer, F. C. Smith, Jr., & G. A. Gaskill,* for the defendant.

*A. F. Butterworth,* for the plaintiff.

WAIT, J. The report in this case presents the question whether a married woman, who with her husband has been absent from the place of his settlement in this Commonwealth less than five consecutive years, after becoming a widow, loses her settlement derived from him at the expiration of the remainder of the five years, if she is still herself absent from the place of settlement. In the Superior Court it was held that she did not. The decision was right.

A married woman whose husband has no settlement in this Commonwealth can acquire a settlement of her own, G. L. c. 116, § 1, cl. 2, which she may, possibly, lose by her voluntary absence from the place of her settlement for a period of five consecutive years, G. L. c. 116, § 5, or by the husband acquiring a settlement; but a married woman whose husband has a settlement in the Commonwealth takes the settlement of her husband, and cannot acquire one of her own. G. L. c. 116, § 1, cl. 2. *Somerville* v. *Boston,* 120 Mass. 574. *Spencer* v. *Leicester,* 140 Mass. 224. Until St. 1870, c. 392, § 2, a settlement once obtained continued until another was acquired. St. 1793, c. 34, § 2. Rev. Sts. c. 45, § 3. Gen. Sts. c. 69, § 3. There was no way a settled person could lose or defeat his settlement in one place except by his voluntary action in changing his place of settlement. It was not until the enactment of St. 1898, c. 425, § 2, that any term of absence was made to defeat a settlement. *Lawrence* v. *Methuen,* 187 Mass. 592, 595. *Treasurer & Receiver General* v. *Boston,* 229 Mass. 83. Pub. Sts. c. 83,

§ 6.  R. L. c. 80, § 6.    G. L. c. 116, § 5, reënacting St. 1911, c. 669, § 4.

When the policy of the Commonwealth was changed, and a settlement was lost by absence, first for ten years from the Commonwealth, St. 1898, c. 425, § 2; then, for five years from the place of settlement, St. 1911, c. 669, § 4; and now (and since the rights in this case arose) for failure to reside in the place of settlement for five consecutive years, St. 1922, c. 479; it is not readily to be supposed that the Legislature intended to give to death any indirect effect it did not have before, or to take away from any one the voluntary quality in the acts losing or defeating the settlement.  No words expressing such intention are used in the statutes.

The absence of a married woman living with her husband, from the place of his settlement cannot justly be called her voluntary act, and counted against her to defeat a settlement derived from the husband.  That a voluntary act on her part is essential to the loss of even a derivative settlement was decided by *Treasurer & Receiver General* v. *Boston,* 229 Mass. 83.  Not until the coverture is ended can her action be taken as effective to terminate the settlement; for not until then is her action ·voluntary where husband and wife have been living together.

In the case at bar, upon the proper interpretation of the statute, the widow aided by the plaintiff had not been absent from the place of her settlement derived from the husband for the period required to defeat and lose the settlement in the town of Holden.

*Judgment in accordance with the finding.*