TOWN OF COHASSET *vs.* TOWN OF NORWELL.

Norfolk.     May 13, 1931. — June 23, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Settlement. Municipal Corporations,* Support of persons having settlement. *Words,* "Defeated."

Under G. L. c. 116, § 5, in the amended form appearing in St. 1926, c. 292, a woman who, having acquired a settlement in a town derived from her husband, had been absent from the town with him for less

than five consecutive years when he died, did not lose her settlement in the town at the end of said five consecutive years, although she still was absent therefrom.

CONTRACT. Writ dated July 18, 1929.

The action was heard in the Superior Court by *Gray*, J., upon an agreed statement of facts. Material facts and rulings requested by the defendant and refused by the judge are stated in the opinion. The judge ordered judgment for the plaintiff in the sum of $1,379.12. The defendant appealed.

*T. H. Buttimer*, Town Counsel, for the defendant.

*F. A. Thayer*, Town Counsel, for the plaintiff, submitted a brief.

PIERCE, J. This is an action of contract in which the plaintiff seeks to recover from the defendant a sum of money for poor relief furnished to one Lillian G. Ainslie from March 23, 1928, to the date of the plaintiff's writ, July 18, 1929. The action was heard by a judge of the Superior Court, without a jury, upon an agreed statement of facts which contains "all the evidence and all the material facts in the case"; and it comes before this court on the defendant's appeal from an order for judgment for the plaintiff entered in the Superior Court.

The agreed facts pertinent to the issue presented are as follows: On March 15, 1923, Harry A. Ainslie had a settlement in the town of Norwell. At that time his wife, Lillian G. Ainslie, had a settlement in said town derived from him by marriage. On that date they moved to the town of Cohasset with their family and continued to reside there up to and including November 16, 1927, when the husband was killed in an automobile accident. The widow did not remarry and continued to reside with her children in the town of Cohasset, where, on January 1, 1928, she became in need of relief, aid and support which were given her by the "Overseers of the Poor and/or Board of Public Welfare" of the town of Cohasset. On January 5, 1928, the said overseers and/or board notified the overseers of the poor or board of public welfare of the town of Norwell that

said Lillian G. Ainslie and family had applied to them for relief which they had granted; that her settlement was in the town of Norwell and that said relief and aid would continue to be granted and charged to the town of Norwell until she and her family were removed by the said town of Norwell or other provision made for their support, and also requested their removal from the town of Cohasset. The "Overseers of the Poor and/or Board of Public Welfare" of the town of Norwell did not at that time deny the settlement of said Lillian G. Ainslie but paid the town of Cohasset for the relief furnished her as mother with dependent children up to and including March 23, 1928; and on that date notified the overseers and/or board of the town of Cohasset that the legal settlement of the said Lillian G. Ainslie and her family had expired on March 15, 1928; that they no longer had a legal settlement in the town of Norwell; and that the town of Norwell would no longer be liable for their support. The board of public welfare or overseers of the poor of the town of Cohasset continued to furnish such relief up to and including the date of the writ in this action. The said Lillian G. Ainslie and her dependent children were never removed by the town of Norwell, although request for payment has been made. It is agreed that "if the said Lillian G. Ainslie had a settlement in the town of Norwell from and after March 15, 1928, and during the period during which relief was furnished . . . a finding may be entered for the plaintiff in the sum of $1,379.12; otherwise a finding shall be entered for the defendant."

Subject to its exception the defendant requested and the judge refused to make the following rulings: (1) "Upon all the evidence in the case the plaintiff cannot recover"; (2) "From and after March 15, 1928, Lillian G. Ainslie had no settlement in the town of Norwell, and the plaintiff cannot recover"; (3) "On March 15, 1928, Lillian G. Ainslie had failed for five successive years to reside in the town of Norwell, and her settlement in the town of Norwell was thereby defeated, her husband's settlement having been defeated and lost"; (4) "On March 15, 1928, the settlement of the husband of Lillian G. Ainslie had been

defeated and the said Lillian G. Ainslie had failed at that time for five successive years to reside in the town of Norwell, and her settlement thereby became defeated"; and (5) "Upon the facts disclosed by the evidence in the case, the finding of the court must be for the defendant."

The issue presented is whether a married woman who, with her husband, has been absent from the place of his settlement in this Commonwealth less than five consecutive years, after becoming a widow loses her settlement derived from him at the expiration of the remainder of the five years if she is still absent from the place of his settlement and of her derivative settlement.

G. L. c. 116, § 1, provides in part: "Legal settlements may be acquired in any town in the following manner and not otherwise: First, Except as provided in the following clause, each person who after reaching the age of twenty-one has resided in any town within the commonwealth for five consecutive years shall thereby acquire a settlement in such town. Second, A married woman shall follow and have the settlement of her husband; but if he has no settlement within the commonwealth, she shall retain the settlement, if any, which she had at the time of her marriage and may acquire a settlement under the preceding clause. Third, Legitimate children shall follow and have the settlement of their father if he has one within the commonwealth, otherwise they shall follow and have the settlement of their mother if she has one; if the father dies during the minority of his children they shall thereafter follow and have the settlement of the mother. Upon the divorce of the parents the minor children shall follow and have the settlement of the parent to whom the court awards their custody." G. L. c. 116, § 5, provided: "Each settlement existing on August twelfth, nineteen hundred and eleven, shall continue in force until changed or defeated under this chapter, but from and after said date absence for five consecutive years by a person from a town where he had a settlement shall defeat such settlement." Under this provision it was decided by this court that a married woman who, with her husband, had been absent from the

place of his settlement in this Commonwealth less than five consecutive years, after becoming a widow did not lose her settlement derived from him at the expiration of the remainder of the five years if she continued absent from the place of settlement during that interval. *Brookfield* v. *Holden*, 247 Mass. 577, 579. This case rested upon the position that a married woman whose husband has a settlement in this Commonwealth takes the settlement of her husband and cannot acquire one of her own; and upon the proposition that the absence of a married woman living with her husband from the place of his settlement "cannot justly be called her voluntary act, and counted against her to defeat a settlement derived from the husband." A voluntary act on her part is essential to the loss of even a derivative settlement, and not until the coverture is ended can her action be taken as effective to terminate the settlement, for not until then is her action voluntary where husband and wife have been living together. *Treasurer & Receiver General* v. *Boston*, 229 Mass. 83. *Treasurer & Receiver General* v. *Boston*, 255 Mass. 499. G. L. c. 116, § 5, was amended by St. 1922, c. 479, to read as follows: "Each settlement existing on August twelfth, nineteen hundred and eleven, shall continue in force until changed or defeated under this chapter, but from and after said date failure for five consecutive years by a person, after reaching the age of twenty-one, to reside in a town where he had a settlement shall defeat such settlement." St. 1926, c. 292, struck out said § 5 and inserted in place thereof the following: "Section 5. Except as otherwise provided in this section, each settlement existing on August twelfth, nineteen hundred and eleven, shall continue in force until defeated under this chapter, but from and after said date failure for five consecutive years by a person, after reaching twenty-one years of age, to reside in a town where he had a settlement, shall defeat a settlement acquired under clause First of section one, or a settlement of a woman acquired under clause Second of said section one provided the settlement of her husband is defeated. The settlement of a minor acquired under either clause Third or Fourth of section one,

except the settlement of a female minor who has married, shall be defeated with the settlement of the parents."

The defendant concedes upon the facts stated that prior to St. 1926, c. 292, above quoted, Lillian G. Ainslie would not have lost her derivative settlement by absence for any length of time although her husband's settlement might be defeated, and, similarly, the minor children would not have lost their settlements by absence for any length of time although the settlement of the parents might be defeated, but makes the contention that the words "provided the settlement of her husband is defeated" in St. 1926, c. 292, show that the Legislature intended to change the law in respect to the derivative settlements of married women as it lawfully might do, *Bradford* v. *Worcester*, 184 Mass. 557, and further contends that the word "defeated" as used in St. 1926, c. 292, is meant to mean loss of settlement by the termination thereof by residence elsewhere, by death, or from any other cause; and as respects a married woman that her derivative settlement at the expiration of five consecutive years' absence from the place of her husband's settlement would not defeat her derivative settlement if the husband had preserved his settlement and it was not defeated at the time the five consecutive years had run against the wife. It contends that the statute operated against the widow if at the time the five consecutive years of nonresidence had run she then had no derivative settlement from her husband by reason of his death or from some other cause.

We think the Legislature by St. 1926, c. 292, did not intend to give the death of the husband an effect it did not have before the passage of this statute or, more particularly, to take away the necessity of the voluntary character of the act of the wife unless her husband's settlement had been defeated before his death. *Brookfield* v. *Holden*, 247 Mass. 577. *Treasurer & Receiver General* v. *Boston*, 255 Mass. 499. Upon the facts here stated the settlement of the husband, within the meaning of the statute, was not defeated before his death. Upon his death his widow ceased to be a married woman and could commence to

acquire a settlement of her own. Meanwhile, and until the expiration of five consecutive years of nonresidence in the town of her derivative settlement, the widow took the settlement in the defendant town which she had at the death of her husband.

The entry must be judgment for the plaintiff in the sum of $1,379.12.

*So ordered.*