CITY OF SOMERVILLE *vs.* COMMONWEALTH.

Middlesex.   March 2, 1943. — March 31, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Public Welfare. Needy Person. Settlement. Married Woman.*

Under G. L. c. 116, § 5, as amended by St. 1922, c. 479, the facts that a woman, having a settlement in a city in the Commonwealth, married a man having no settlement here and thereafter lived with him elsewhere than in that city but never in any other municipality in the Commonwealth for any continuous five-year period without receiving relief, required a ruling that she had lost her settlement in that city at the end of the five years following her departure therefrom, and a municipality which thereafter furnished relief to her while so unsettled might recover the amount thereof from the Commonwealth under G. L. (Ter. Ed.) c. 117, § 18.

PETITION, filed in the Superior Court on July 18, 1940.

One item of an account annexed to the petition was for welfare aid and relief furnished to Henry B. Koerber and family from July 2, 1932, to June 24, 1933.

The case was heard and reported by *Baker*, J.

*R. J. Muldoon*, City Solicitor, for the petitioner.

*H. J. Booras*, Assistant Attorney General, for the Commonwealth.

Cox, J.  This is a petition brought under the provisions of G. L. (Ter. Ed.) c. 258, § 1, to recover moneys paid by the petitioner to various persons alleged to have had no legal settlements in this Commonwealth.  See G. L. (Ter. Ed.) c. 117, § 18, as amended by St. 1938, c. 425.  There is no contention relative to the statutory requirements as to the giving of notice and furnishing of statements.  See *Cambridge* v. *Commonwealth*, 306 Mass. 358.  There was a reference to an auditor, whose findings of fact were to be final, and, upon the filing of his report, a judge of the Superior Court, upon the request of the parties, reported the case to this court for determination without making any decision thereon.  G. L. (Ter. Ed.) c. 231, § 111.

When the petition came on to be heard before the auditor, the only item left for consideration was one of $351.50, which represented the amount of aid given to one Henry B. Koerber and family, the petitioner having waived its claim for interest on this amount.  It was agreed that a portion of this sum was due the petitioner for aid given to Koerber, the balance representing aid furnished his wife and children.

Edna Wallace, who was born November 23, 1899, in Dorchester in this Commonwealth, married, on January 13, 1918, one Grover, who had enlisted in the United States navy on November 6, 1917.  He died on March 24, 1918, while still in the service, and at that time had a "civil as well as military" settlement in Malden.

On April 7, 1919, Edna Grover married Koerber, who never had a settlement in this Commonwealth, and from the time of this marriage they never lived in any city or town of this Commonwealth for a continuous five-year period without receiving relief.  From the time of this second marriage, Edna Koerber never lived in Malden.  Koerber, who was born in Illinois, enlisted in the navy in the State of Washington in 1917 and was discharged in 1919.  He never lived in this Commonwealth until April 7, 1919, when he married Edna Grover.  They had five children.  The sole issue between the parties, as stated by the auditor, was whether Edna Koerber still retains the settlement in

Malden that she acquired as a result of her marriage to Grover. This is the issue that has been argued. See *Rosenthal* v. *Liss*, 269 Mass. 373, 374.

The auditor found and ruled (see *Bianco* v. *Ashley*, 284 Mass. 20, 25; *Breault* v. *Auburn*, 303 Mass. 424, 427), that because Edna Koerber never lived in Malden from the time of her marriage to Koerber, she became unsettled in this Commonwealth on April 6, 1924; that when she married Koerber, she ceased to be a dependent of Grover; and that the Koerber children were not dependents of Grover. He found for the petitioner in the amount claimed. Each party filed a motion for judgment on the auditor's report.

Statute 1911, c. 669, § 1, Second (in force when each marriage in the case at bar took place) provided that a married woman should follow and have the settlement of her husband, if he had any within the Commonwealth; otherwise, she should retain her own at the time of marriage if she then had any. (See now G. L. [Ter. Ed.] c. 116, § 1, First and Second.) The parties raise no question but that when Edna Wallace married Grover she acquired a derivative settlement in Malden where Grover had one. See *Treasurer & Receiver General* v. *Boston*, 229 Mass. 83, 85, 86. When she married Koerber, he had no settlement here which she could follow, and, accordingly, she retained her own. Section 2 of said c. 669 provided that no person should acquire a settlement, or be in process of acquiring a settlement, while receiving relief as a pauper, unless, within two years after the time of receiving such relief, he tendered reimbursement of the cost thereof to the Commonwealth, or to the city or town furnishing the same. (See now G. L. [Ter. Ed.] c. 116, § 2, inserted by St. 1933, c. 213.) It was agreed at the hearing before the auditor that Koerber was "unsettled" here.

Section 4 of said c. 669 provided that a person, who after the passage of the act (July 13, 1911) was absent for five consecutive years from the city or town in which he had a settlement, should thereby lose his settlement, with exceptions not here material. We think it is apparent from the findings that, after the marriage to Koerber, although his

wife might have acquired a new settlement under § 1, Second, of said c. 669, she did not, and the respondent concedes this. It contends, however, that inasmuch as she had a settlement in Malden at the time of her second marriage, she did not lose it for the reason that, by residing with Koerber elsewhere, her action was involuntary on her part within the rule stated in *Brookfield* v. *Holden,* 247 Mass. 577, 579. In that case it was said that a married woman whose husband has no settlement in this Commonwealth can acquire a settlement of her own, "which she may, possibly, lose by her voluntary absence from the place of her settlement for a period of five consecutive years," or by her husband acquiring a settlement. (Page 578.) It was held that the absence, of a married woman living with her husband, from the place of his settlement cannot justly be called her voluntary act, and that a voluntary act on her part is essential to the loss of even a derivative settlement. (Page 579.) *Treasurer & Receiver General* v. *Boston,* 255 Mass. 499, 503. *Cohasset* v. *Norwell,* 276 Mass. 100, 105–106. The rule enunciated in these cases is well established, and has its foundation in the fact that the husband, as head of the family and legally responsible for its support, has a right to choose and establish a domicil for himself and his wife and children, and that the refusal of the wife to stay with him in that domicil, without reason, is desertion. *Franklin* v. *Franklin,* 190 Mass. 349, 351. As long as Grover lived, for all that appears, it was his wife's duty to live where he reasonably chose to live. Grover was in the navy at the time of his marriage, and was still in the service when he died. It does not appear from the report of the auditor where his wife lived, unless it should be inferred from the fact that from the time of her marriage to Koerber she never lived in Malden, that up to that time she did live there.

It cannot be assumed, however, that her marriage to Koerber was anything but a voluntary act on her part, and the question is presented whether, having a settlement in Malden and having voluntarily married again with the result that she never thereafter lived there, it can be said that her absence was involuntary. We are of opinion that her

voluntary act in marrying Koerber is the significant fact, and that the consequences of that act cannot be avoided by the contention that thereafter, as a dutiful wife, the choice of residence was subject to the reasonable determination of her husband. She had a settlement in Malden which she could have retained if she wished, although she was not required to do so. She saw fit to marry again in circumstances that did not deprive her of that settlement. At the time, her settlement in Malden was the only one to which she was entitled. She was a "person" within the meaning of § 4 of said c. 669 who could lose her settlement. *Brookfield* v. *Holden*, 247 Mass. 577, 578. *Commonwealth* v. *Welosky*, 276 Mass. 398, 403, 404, and cases cited.

Section 4 of said c. 669, as amended, appeared in G. L. c. 116, § 5, where it was provided that the "absence" for five consecutive years by a person from a town where he had a settlement should defeat a settlement existing on August 12, 1911. By St. 1922, c. 479, this phraseology was changed so as to provide that the "failure . . . to reside" shall defeat such settlement. The significance of this change was discussed in *Lakeville* v. *Cambridge*, 305 Mass. 256, 258–259, where it was said that the word "reside" means "have his domicil." (Page 259.) The respondent raises no question, however, as to the effect of this change in the law, its only contention being that Edna Koerber's "failure to reside" in Malden after her second marriage was not voluntary.

Section 4 of said c. 669 was amended by St. 1916, c. 316, § 1, by providing, so far as material, that a settlement existing on August 12, 1916, "of soldiers and their dependents eligible to receive military aid and soldiers' relief under existing laws shall continue in force while said soldiers or dependents are actually residing in the commonwealth until a new settlement is gained in another city or town." See now G. L. (Ter. Ed.) c. 116, § 5. The respondent concedes that Edna Grover ceased to be a dependent of Grover when she married Koerber. Koerber was bound to provide support for her and was legally liable to pay for it although he was destitute. *Brookfield* v. *Allen*, 6 Allen, 585, 587. *Sturbridge* v. *Franklin*, 160 Mass. 149. It is not contended

that Edna Grover, after her marriage to Koerber, was any longer Grover's widow, or that she was thereafter entitled to any relief under the statutes which provide for military aid or soldiers' relief. See *Solon* v. *Holway*, 130 Maine, 415; 72 Am. L. R. 1324.

Confining ourselves to the issue that has been presented and argued, we are of opinion that a final decision should be entered for the petitioner for $351.50, without interest. See G. L. (Ter. Ed.) c. 258, § 3, as amended; *Franklin A. Snow Co.* v. *Commonwealth*, 303 Mass. 511, 518. And it is

*So ordered.*